Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jason A. Enright, Esq.
Texas Bar No. 24087475
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

PROPOSED ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| WALNUT HILL PHYSICIANS' | § | Case No. 17-32255-bjh-7 |
| HOSPITAL, LLC, | § | |
| | § | |
| Debtor. | § | |

**TRUSTEE'S EMERGENCY MOTION TO SELL PHARMACEUTICALS
FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

TO THE HONORABLE BARBARA J. HOUSER, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the Chapter 7 trustee for Walnut

Hill Physicians' Hospital, LLC (the "Debtor"), the debtor in the above styled and numbered

Chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this his *Emergency Motion to Sell*

*Pharmaceuticals Free and Clear of All Liens, Claims, Interests and Encumbrances* (the

"Motion"), respectfully stating as follows:

## I.      BACKGROUND

1.      The Debtor filed its voluntary petition for relief under Chapter 7 of the United

States Bankruptcy Code on June 6, 2017 (the "Petition Date"), thereby initiating this Bankruptcy

Case and creating its bankruptcy estate (the "Estate").

2.      The Trustee is the duly appointed Chapter 7 trustee of the Estate.

3.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Said jurisdiction is core under 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4.      Prior to the Petition Date, the Debtor owned and operated a short term acute care hospital located at 7502 Greenville Avenue, Dallas, Texas.  The Debtor ceased operations immediately prior to the Petition Date.  However, substantial amounts of personal property remain located at the Debtor's former premises, which premises upon information and belief were leased from HC-7502 Greenville Avenue, LLC.

## II.      RELIEF REQUESTED

5.      Among the property located at the premises is a stock of pharmaceuticals and medicines (collectively, the "Pharmaceuticals").  By this motion, the Trustee requests authority to sell the Pharmaceuticals to the highest bidder on July 5 or July 6, 2017, free and clear of all liens, claims, interests and encumbrances (the "Proposed Sale").  The Proposed Sale will be conducted in accordance with all applicable law, or it will not take place.  Capital One Bank, N.A. (the "Bank"), assets a perfected, first priority security interest in the Pharmaceuticals.  The Proposed Sale would be subject to the Bank's credit bid, and all liens, claims, interests and encumbrances will attach to the proceeds with the same validity, extent, and priority as otherwise exists.  However, if the Bank holds the first priority lien, the Bank has agreed that the Estate may retain 10% of the proceeds free and clear of its lien in lieu of a surcharge claim for the Proposed Sale.  If the Bank does not hold the first priority lien, then the Trustee reserves any and all surcharge rights as may be appropriate.  All proceeds would be held by the Trustee pending a determination of entitlement thereto.

## III. __DISCUSSION__

6.      The Trustee does not know what the Pharmaceuticals consist of, or what their value may be.  The Debtor has yet to file its schedules, and the most recent list of pharmaceuticals provided to the Trustee by the Debtor is dated as of December, 2016. Therefore, the Trustee cannot reasonably predict what proceeds the sale may generate, although it is believed that the Pharmaceuticals may have a realizable value in the mid-six figures.  At least one party has expressed an interest in purchasing the Pharmaceuticals, albeit at a significant discount.  The Trustee believes that, only by obtaining authority to sell the Pharmaceuticals, will this potential buyer or any other buyer make a material offer to purchase the Pharmaceuticals.

7.      At the same time, it is important for the Trustee, various regulators, and presumably various creditors that the Pharmaceuticals be removed from the premises in accordance with all applicable law at the buyer's burden and expense.  This will save the Estate from potential costs associated with disposing of the Pharmaceuticals, as the Trustee understands from the regulators that the Pharmaceuticals cannot be sold more than thirty (30) days after the Petition Date.

8.      Thus, although the Trustee cannot offer the Court and the creditors any more guidance as to what may be sold and what its value may be, the Proposed Sale would: (i) at least monetize the Pharmaceuticals to some extent, for the benefit of the Estate and any interest holder; and (ii) remove a potential liability of the Estate at no cost or burden to the Estate.  This, together with the agreed upon commission of 10% to the Estate, makes the Proposed Sale in the Estate's best interests.

9.      The Trustee does not propose to retain a broker or pay any commissions.  If there is interest from more than one party, the Trustee proposes to conduct an on-site cash money

auction. The Proposed Sale would be without warranty of any kind, and would be an "as is, where is" basis. The buyer would have to promptly remove the Pharmaceuticals, in compliance with all law, at its burden and expense. Of necessity, the Trustee requests significant discretion in employing his business judgment to sell the Pharmaceuticals, whether through a straight sale without auction or, if there is interest, the on-site auction referenced above. There would be no due diligence and the sale would close immediately; thus, a buyer would expect a significant discount. The Trustee and the Estate would be relieved of any liability, responsibility, or obligation for the Pharmaceuticals the moment that they are picked up by a buyer and removed from the premises.

10. To protect the Bank and ensure some protection for a fair sale price under the circumstances, the Trustee proposes that the Bank's credit bid rights under section 363(k) of the Bankruptcy Code be preserved for the Proposed Sale, subject to a final determination as to the validity, extent, and priority of the Bank's claims and liens. The Bank has filed a separate motion for relief from automatic stay and, as the Trustee previously informed the Court, the Trustee does not know of any challenge to the Bank's claims and liens at this time, and no other party or creditor has informed the Trustee of any such challenge. If the Bank purchases the Pharmaceuticals by credit bid, then it would be required to remove the Pharmaceuticals at its burden and expense.

11. The Trustee proposes that any purchaser of the Pharmaceuticals must purchase all of the pharmaceuticals on-site, even if the purchase price for some is effectively zero. This is to enable the Estate to dispose of the pharmaceuticals in a lawful and safe manner, at no cost or expense to it. However, the Trustee requests discretion to modify this proposed requirement if he determines it is in the Estate's best interests.

12. The Court may authorize the Proposed Sale under section 363(b) of the Bankruptcy Code. The sale or transfer of the assets of a debtor outside the ordinary course of business may be approved by a bankruptcy court when: (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice is provided to interested parties; (iii) the price is fair, reasonable and adequate; and (iv) the sale is made to the purchaser in good faith. *See, e.g., In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Stroud Ford, Inc.*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 7 B.R. 15, 21 (Bankr. E.D. Pa. 1987). Here, monetizing the Pharmaceuticals for some fair amount and obtaining the removal of the Pharmaceuticals at no cost to the Estate is a sound exercise of business judgment. The alternative is that the Estate realize no value from the Pharmaceuticals while it incur liability to destroy them. That benefits no one.

13. Section 363(f) of the Bankruptcy Code authorizes a sale free and clear if one of five alternate conditions are met. One such condition is that the creditor with a lien against the Pharmaceuticals consent. Here, that creditor appears to be Capital One, and it consents to the Proposed Sale. The Proposed Sale preserves its credit bid rights, thus ensuring that it is protected if it believes that sufficient proceeds are not realized.

14. Finally, if Capital One holds the first priority lien against the Pharmaceuticals, the Trustee requests that the Court approve an agreed 10% surcharge to the Estate measured by the proceeds of the Proposed Sale, in exchange for a release of any surcharge claim against Capital One for the sale and the Pharmaceuticals. Otherwise, the Trustee reserves any and all of the Estate's surcharge rights as against whichever secured creditor would be first in priority to any proceeds. The final distribution of all proceeds would occur once the lien issues are resolved.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) approving and authorizing the Proposed Sale free and clear of all claims, liens, interests and encumbrances; (iii) approving the agreed surcharge if Capital One holds the first priority lien; (iv) waiving any automatic stay of the order; and (v) granting the Trustee such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 27th day of June, 2017.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Jason A. Enright, Esq.
    Texas Bar No. 24087475
    500 N. Akard Street, Suite 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**PROPOSED ATTORNEYS FOR SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of June, 2017, he caused a true and correct copy of this document to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

/s/ Davor Rukavina
    Davor Rukavina, Esq.

TRUSTEE'S EMERGENCY MOTION TO SELL PHARMACEUTICALS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES—Page 6

4826-9821-3963_1 013229.00005