Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jason A. Enright, Esq.
Texas Bar No. 24087475
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

PROPOSED ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| WALNUT HILL PHYSICIANS' HOSPITAL, LLC, | § § § | Case No. 17-32255-bjh-7 |
| | § | |
| Debtor. | § | |

**TRUSTEE'S EXPEDITED MOTION TO ABANDON
TANGIBLE PERSONAL PROPERTY LOCATED AT HOSPITAL**

TO THE HONORABLE BARBARA J. HOUSER, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estate (the "Estate") of Walnut Hill Physicians' Hospital, LLC (the "Debtor"), the debtor in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this his *Expedited Motion to Abandon Tangible Personal Property Located at Hospital* (the "Motion"), respectfully stating as follows:

### I.    RELIEF REQUESTED

1.    By this Motion, the Trustee requests authority to abandon all tangible personal property, except as noted below (the "Personalty") of the Estate located at the Debtor's closed

hospital, located at 7502 Greenville Avenue, Dallas, Texas (the "Hospital") as of 11:59 p.m. on July 31, 2017.  The Personalty to be abandoned includes all property that the Trustee will not have sold as of that date, including all inventory, machinery, fixtures, goods, equipment, furnishings, artwork, supplies, and all other tangible property.  The Personalty also includes all leasehold rights and interests under any lease of real or personal property concerning the Hospital and any Personalty located at the Hospital, even if not tangible personal property.[1]

2.   Notwithstanding anything contained herein to the contrary, the Personalty shall not include any property that the Trustee is not permitted to abandon, including pharmaceuticals, radioactive or radiological isotopes and waste, biomedical and human specimens and waste, and medical records.  With respect to medical records in particular, both paper and electronic, the Trustee does not believe that any are present at the Hospital.  To the extent that there are any, including on computers, the Trustee will remove the same prior to July 31, 2017 and will not abandon it (reserving his right to either sell or abandon computers where no medical records, HIPAA records, or personally identifiable information are stored or, if they are so stored, to sell or abandon the same only after memory drives have been wiped clean).

3.   For the avoidance of doubt, the Personalty does not include intangible property of the Estate, including receivables, insurance policies, claims, and proceeds, cash and funds, causes of action (including all avoidance actions), setoff rights, electronic information, licenses, intellectual property rights, warranty claims, refunds and returns, legal defenses, affirmative defenses, rights, Strong Arm powers under section 544 of the Bankruptcy Code, and surcharge rights.

---

[1] The Trustee does not concede that a real estate lease for the Hospital is in place, in light of the landlord's purported prepetition termination of such lease.  The Trustee reserves all rights with respect to the same.

4. In summary, the Trustee will attempt to sell all available Personalty at the Hospital prior to July 31, 2017. What he cannot sell, or what he does not otherwise remove from the Hospital pursuant to either legal requirements or for a future sale, will be abandoned by the Estate, subject to whatever rights any lessor, lienholder, or other party may have with respect to such abandoned property, and whatever claims they may have against the Estate.

## II. BACKGROUND

5. The Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 6, 2017 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating its bankruptcy estate (the "Estate").

6. The Trustee is the duly appointed Chapter 7 trustee of the Estate.

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Motion constitutes a "core" proceeding within the meaning of the provisions of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. DISCUSSION

8. Under the Bankruptcy Code, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Here, whatever of the Personalty the Trustee is unable to sell (or remove from the Hospital) by the end of July, 2017, will be burdensome and of inconsequential value to the Estate. The Estate does not have the funds to continue insuring the same, the landlord alleges a postpetition administrative rent claim of $1.5 million per month (which claim the Trustee strictly disputes), and by definition, whatever cannot be sold will be of inconsequential value to the Estate.

9. The Trustee recognizes that the case law has developed such that certain property posing a threat to health and safety cannot be abandoned. He is not requesting authority to abandon any such property. Rather, he anticipates that, by the end of July, 2017, he will have succeeded in otherwise lawfully disposing of such property.

10. The Trustee reserves all rights to seek surcharges as may otherwise be appropriate, including against the Personalty.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) ordering the abandonment of the Personalty at the Hospital as of 11:59 p.m. on July 31, 2017; and (ii) granting the Trustee such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 7th day of July, 2017.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jason A. Enright, Esq.
Texas Bar No. 24087475
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**PROPOSED ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 7th day of July, 2017, true and correct copies of this document were electronically served by the Court' ECF system on parties entitled to notice thereof and that, additionally, on the same date he caused true and correct copies of this document to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.