Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jason A. Enright, Esq.
Texas Bar No. 24087475
Fareed Kaisani, Esq.
Texas Bar No. 24104017
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

PROPOSED ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| WALNUT HILL PHYSICIANS' HOSPITAL, LLC, | § § | Case No. 17-32255-bjh-7 |
| | § | |
| Debtor. | § | |

**TRUSTEE'S EMERGENCY MOTION TO DESTROY UNSOLD PHARMACEUTICALS**

TO THE HONORABLE BARBARA J. HOUSER, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the Chapter 7 trustee for Walnut Hill Physicians' Hospital, LLC (the "Debtor"), the debtor in the above styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this his *Emergency Motion to Destroy Unsold Pharmaceuticals* (the "Motion"), respectfully stating as follows:

## I.     BACKGROUND

1. The Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 6, 2017 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating its bankruptcy estate (the "Estate").

2. The Trustee is the duly appointed Chapter 7 trustee of the Estate.

3. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4. Prior to the Petition Date, the Debtor owned and operated a short term acute care hospital located at 7502 Greenville Avenue, Dallas, Texas. The Debtor ceased operations immediately prior to the Petition Date. When the hospital closed, substantial amounts of personal property, including pharmaceuticals, remained located at the hospital.

5. On June 27, 2017, the Trustee filed his *Emergency Motion to Sell Pharmaceuticals Free and Clear of All Liens, Claims, Interests and Encumbrances* (the "Sale Motion") (Docket No. 46) seeking to sell a stock of pharmaceuticals and medicines (collectively, the "Pharmaceuticals") located at the Debtor's hospital for the benefit of Debtor's estate in accordance with all applicable law.

6. The Sale Motion proposed that any purchaser of the Pharmaceuticals must purchase all of the pharmaceuticals on-site, but requested discretion to modify this requirement if it was in the Estate's best interests.

7. On July 24, 2017, the Court entered an order approving the Sale Motion (the "Sale Order") (Docket No. 111).

8. On July 7, 2017, the Trustee filed his *Expedited Motion to Abandon Tangible Personal Property Located at Hospital* (the "Motion to Abandon") (Docket No. 75) seeking to abandon Personalty (as defined in the Motion to Abandon) located at the Debtor's closed hospital because it is burdensome to the estate or that it is of inconsequential value and benefit to the estate.

9. The Motion to Abandon excludes abandoning certain property because a Trustee may not abandon property that poses a threat to health and safety, including pharmaceutical drugs.

10. On July 24, 2017, the Court entered an order approving the Motion to Abandon (Docket No. 109).

11. On July 25, 2017, the Trustee conducted a sale of the Pharmaceuticals (the "Sale") in accordance with the Sale Motion and all applicable law.

12. At the conclusion of the Sale, the Trustee determined that it was in the Estate's best interest to sell certain Pharmaceuticals the Methodist Health System d/b/a Methodist Dallas Medical Center ("Methodist Health") because Methodist Health was the highest bidder at the sale. However, Methodist Health did not choose to purchase certain Pharmaceuticals (the "Unsold Pharmaceuticals"). Despite this fact, the Trustee believes it is in the best interest of the Estate to sell the Pharmaceuticals, other than those Unsold Pharmaceuticals, to Methodist Health.

13. Because Methodist Health did not purchase the Unsold Pharmaceuticals and the Trustee is prohibited from abandoning them, the Trustee must destroy the Unsold Pharmaceuticals in accordance with applicable law.

4836-0077-2940v.1

## II.  RELIEF REQUESTED

14. The Trustee seeks destruction of the Unsold Pharmaceuticals because they can no longer be sold under applicable law and requiring the Estate to house them is a burden on the estate without any reciprocal benefit.

15. To assist the Trustee in destroying the Unsold Pharmaceuticals, the Trustee requests authority to allow Inmar Pharmaceuticals Inc. ("Inmar") to manifest ownership and possession of the Unsold Pharmaceuticals (the "Manifestation") so that it can take the Unsold Pharmaceuticals to an offsite location where it will dispose of the drugs properly under all applicable laws. The Trustee submits that Inmar is licensed to dispose of pharmaceutical drugs properly under applicable state and federal laws.

16. Upon Inmar's Manifestation of the Unsold Pharmaceuticals, Inmar shall prepare a manifestation statement for the Trustee's records, which will absolve the Estate of any and all liability associated with the Unsold Pharmaceuticals.

17. The Trustee submits that all state and federal regulators who wish to monitor Inmar's Manifestation of the Unsold Pharmaceuticals are welcome to be present at the Debtor's hospital on July 28, 2017, when the Manifestation is scheduled to occur.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order (i) granting this Motion; (ii) authorizing the Trustee to destroy the Unsold Pharmaceuticals by way of allowing Inmar to manifest ownership and possession and carry out destruction of same; and (iii) granting the Trustee such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 26th day of July, 2017.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina

Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jason A. Enright, Esq.
Texas Bar No. 24087475
Fareed Kaisani, Esq.
Texas Bar No. 24104017
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of July, 2017, he caused a true and correct copy of this document to be served by U.S. first class mail, postage prepaid, on the parties listed on the attached Service List.

/s/ Davor Rukavina
Davor Rukavina, Esq.