Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| WALNUT HILL PHYSICIANS' HOSPITAL, LLC, | § § § | Case No. 17-32255-bjh-7 |
| | § | |
| Debtor. | § | |

**TRUSTEE'S *EX PARTE* MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

TO THE HONORABLE BARBARA J. HOUSER, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, the duly-appointed chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Walnut Hill Physicians' Hospital, LLC (the "Debtor"), the debtor in the above styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this his *Ex Parte Motion for Entry of Agreed Protective Order* (the "Motion"), respectfully stating as follows:

1.	By this Motion, the Trustee respectfully requests that the Court enter the attached proposed *Agreed Protective Order Regarding the Trustee's Rule 2004 Examination of Capital One, National Association* (the "Protective Order").

2.	The Court may enter the Protective Order *ex parte*, and no notice of this Motion or hearing is necessary, since the Protective Order affects only the rights of the Trustee and of Capital One, National Association ("Capital One"), both of which agree to the Protective Order.

3. The Protective Order is related to the *Order Granting Trustee's Motion for Rule 2004 Examination of Capital One, N.A.* [docket no. 225], pursuant to which the Trustee served a subpoena on Capital One requesting that Capital One produce to the Trustee the Debtor's bank statements and copies of checks. The Trustee has an obvious need for these documents, which documents are property of the Estate and which documents he clearly has a right to obtain.

4. Nevertheless, Capital One is a heavily regulated national bank. Capital One is not free to simply provide customer bank information without legal process and legal protection. To that end, Capital One has conditioned its compliance with the subpoena on the entry of the Protective Order. The Trustee has consented to this request because the request is reasonable and customary, and because the Trustee has a continuing and urgent need for the underlying documents.

5. There is no question that the Court can enter the Protective Order, and that entering an appropriate protective order is appropriate when dealing with bank records. *See* 11 U.S.C. § 107(b) & (c); FED. R. CIV. P. 45(d); FED. R. BANKR. P. 9037(d). The Protective Order itself contains standard and customary reasonable provisions, and contains multiple safeguards such that the Trustee can challenge any designations of confidentiality and such that this Court will retain the ultimate power to adjudicate all issues related to the discovery, the Protective Order, any disclosure, and any issue or dispute related thereto.

6. Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee shall have access to the documents. Pursuant to 11 U.S.C. § 107(c)(2), an entity exercising its police powers may move for access to the documents (and probably has the ability to obtain the same from Capital One already anyway). With respect to a third party, such party may file an appropriate motion with the Court to obtain access to the documents. With respect to any third party against whom the Trustee initiates litigation, such party will have its rights to discovery, and the Protective

Order will not limit the Trustee's obligations with respect thereto. Therefore, the Protective Order will not unduly limit or complicate any party's ability to obtain the documents, subject to this Court's control, and it will not limit or prejudice any defendant against whom the Trustee may initiate litigation.

7. For the foregoing reasons, the Trustee submits that entry of the Protective Order is necessary and appropriate, and that it will not unduly prejudice any party in the Bankruptcy Case, while protecting Capital One and the Estate in the process.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter the Protective Order on an *ex parte* basis.

RESPECTFULLY SUBMITTED this 31st day of January, 2018.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com
tberghman@munsch.com

**ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 31st day of January, 2018, true and correct copies of this document were served, via the Court's ECF notification system, parties in the Bankruptcy Case, including on counsel for the U.S. Trustee and on counsel for Capital One.

By: /s/ Davor Rukavina
Davor Rukavina, Esq