**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | |
| WALNUT HILL PHYSICIANS' HOSPITAL, LLC, | ) ) | Case No. 17-32255-bjh7 |
| | ) | |
| Debtor. | ) ) | |

**AGREED PROTECTIVE ORDER REGARDING TRUSTEE'S RULE 2004
EXAMINATION OF CAPITAL ONE, NATIONAL ASSOCIATION**

THIS MATTER COMES before the Court pursuant to the "*Order Granting Trustee's Motion for Rule 2004 Examination of Capital One, N.A.*" [Dkt. No. 225] (the "Rule 2004 Order"), entered in connection with the *Trustee's Expedited Motion for Rule 2004 Examination of Capital One, National Association* [Dkt. No. 212], filed by Scott M. Seidel, the duly-appointed Chapter 7 trustee (the "Trustee") for Walnut Hill Physicians Hospital, LLC (the "Debtor"), the debtor in this Chapter 7 bankruptcy case (the "Bankruptcy Case"), with notice to, and consent of, Capital One, National Association ("Capital One").

Pursuant to the Rule 2004 Order, Capital One reserved the right to request a protective order in connection with the documents produced under the Rule 2004 Order and to

condition Capital One's production upon an acceptable protective order. The Trustee and Capital One, having stipulated and agreed to the terms and conditions set forth herein;

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure, that:

1. This Protective Order shall govern the handling of any information produced or disclosed by Capital One to the Trustee pursuant to the Rule 2004 Order (all such information shall hereinafter be referred to as "Discovery Material").

2. All Discovery Material designated in the course of this production as "Confidential," as that term is defined in Paragraph 3, shall be used only for the purpose of the Trustee's administration of the Bankruptcy Case, including preparation and trial of matters before the Bankruptcy Court in the Bankruptcy Case and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

**Definitions**

3. "Confidential" shall mean Discovery Material that Capital One has a good faith belief contains trade secrets or other confidential or proprietary research, development, technical, financial, commercial or business information. Such information shall only be disclosed to Qualified Persons as defined in Paragraphs 4(a) through (c), as defined below. "Confidential" shall not include any Discovery Material that the Trustee demonstrates:

 (a) Is in the public domain at the time of disclosure, including materials that on their face show they have been submitted to any governmental entity without a request for confidential treatment;

      (b)      Becomes part of the public domain through no fault of the Trustee, as evidenced by a written document; or

      (c)      The Trustee lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Trustee.

4.      "<u>Qualified Persons</u>" as used herein, means:

      (a)      Named litigation counsel of record for the Trustee and attorneys and staff working under the direct supervision of such counsel, including paralegal assistants, technical, stenographic and clerical employees ("<u>counsel of record</u>");

      (b)      Any outside experts or consultants, or persons or firms employed to provide litigation support services to the Trustee (including their support staffs, employees and associates), provided that such experts, consultants, persons or firms have first read this Protective Order;

      (c)      The Trustee and other personnel necessarily involved in assisting with the Trustee's administration of the Debtor's estate;

      (d)      Court personnel in the conduct of their official duties;

      (e)      Any deposition witness, at the witness' deposition, provided that such witness has first read the Protective Order and has signed a copy of it, thereby agreeing to abide by its terms; and

      (f)      Commercial copying services or litigation support services employed by the Trustee for the purposes of making copies of documents and deposition testimony, or transcribing or coding the same, for use in connection with this case.

**Designation as Confidential**

5. The designation as Confidential for purposes of this Protective Order shall be made in the following manner by Capital One:

    (a) In the case of Discovery Material, all pages to which a label identifying the page as "Confidential" shall be deemed to contain Confidential information; and

    (b) In the case of depositions or other pretrial or trial testimony ("Transcripts"), (i) by indicating on the record at the deposition or hearing that the testimony is Confidential and is subject to the provisions of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as Confidential thereafter. Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in his possession, custody or control, identifying portions of the Transcript as Confidential.

**Use and Maintenance of Confidential Discovery Material**

6. Confidential Discovery Material may be used in the course of the Trustee's administration of the Bankruptcy Case and in the taking of depositions and in hearings. To the extent that Confidential Discovery Material is used in the taking of depositions or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Discovery Material.

7. The Trustee shall maintain all Confidential Discovery Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Trustee with respect to its own proprietary information. Confidential Discovery Material shall not be

copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

### **Challenges to Designations**

8.    At any time after the receipt of any Confidential Discovery Materials or Transcripts, counsel for Trustee may challenge the designation by providing written notice of such challenge to counsel for Capital One. Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded Confidential treatment and the reasons supporting the challenging party's claim. If the parties are unable to agree as to whether the Confidential designation is appropriate, counsel for Capital One shall have ten (10) days from the date counsel for the Trustee certifies to the Court that the parties cannot reach an agreement to move for a supplemental protective order with regard to any Discovery Material or Transcript in dispute. The party seeking a designation as Confidential shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure. If the party seeking designation as Confidential does not seek protection of such disputed Discovery Material or Transcript by filing an appropriate motion with this Court within ten (10) days, then the disputed material shall no longer be subject to protection as provided in this Order. All Discovery Materials and Transcripts that a party designates as Confidential shall be accorded the designated status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the Confidential status.

## Filing Under Seal

9. Confidential Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation; however, the party using or submitting such Confidential Discovery Material shall cause it to be filed separately under seal with the Clerk of the Court and request handling of the Confidential Discovery Material in a manner consistent with the protection afforded by this Protective Order. All Confidential Discovery Material which is submitted to the Court shall be submitted or filed in a sealed envelope bearing the following legend clearly written on the face of the envelope under the name and case number of the litigation:

> CONFIDENTIAL – SUBJECT TO COURT ORDER
> The contents of this envelope are subject to a Protective
> Order entered by the Court in the above-captioned case,
> shall be treated as confidential and must not be shown to
> any person except as authorized by an order of the Court.

Motions, briefs or other submissions to the Court which specifically quote or otherwise disclose the contents of Confidential Discovery Material shall be filed and submitted to the Court in accord with the provisions of this paragraph.

## Inadvertent Production and Disclosure

10. In the event that Capital One inadvertently produces Discovery Material without designation as Confidential, it may retroactively designate the Discovery Material as Confidential by notifying the counsel for the Trustee. Notification shall be in writing to counsel for the Trustee, identifying the Discovery Material by bates numbers and date of production and by sending replacement documents with the appropriate designation to counsel for the Trustee. Notification shall be provided reasonably promptly after Capital One first realizes that the Discovery Material was produced without designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed Confidential

retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, counsel for the Trustee shall reasonably promptly notify Capital One as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 11, below.

11. In the event of inadvertent disclosure of Confidential Discovery Material to a person that is not a Qualified Person, the party that inadvertently discloses such information shall promptly take all practical steps to retrieve the Confidential information and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Discovery Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

### Return of Discovery Material After Termination

12. After termination of the Bankruptcy Case, including any appeals, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Confidential Discovery Material and Transcripts for enforcement of the provisions of this Order following termination of this litigation.

13. Within ninety (90) days after the later of (i) the date of dismissal or administrative closing of the Bankruptcy Case and (ii) the time for any and all appeals has expired, the Trustee and its counsel shall return to Capital One and its counsel all Confidential Discovery Material provided by Capital One and all copies thereof. Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Counsel for each party may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court;

documents included in submissions to the Court; and Confidential Discovery Material to the extent it is included in such papers or reflected in that counsel of record's work product.

### Duty to Comply With Protective Order

14. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

15. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

16. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

### Application to Other Discovery

17. The terms of this Protective Order shall apply to the Rule 2004 Order and may be made applicable and extended to any future discovery pursued by the Trustee against Capital One in this Bankruptcy Case, upon the express written consent of Capital One and upon notice to the Court of such terms.

### General Advice And Disclosure By Counsel

18. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of doing so, from generally referring to or relying upon his or her examination of Confidential Discovery Material.

###END OF ORDER###

APPROVED AS TO FORM AND CONTENT BY:

| MUNSCH HARDT KOPF & HARR PC<br>500 N. Akard Street, Suite 3800<br>Dallas, TX 75201-6659 | QUARLES & BRADY LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Phoenix, AZ 85004-2391<br>and<br>Jeffrey G. Hamilton, State Bar No. 00793886 |
|---|---|
| By /s/ Davor Rukavina<br>    Davor Rukavina<br><br>*Attorneys for Trustee* | JACKSON WALKER L.L.P.<br>2323 Ross Avenue, Suite 600<br>Dallas, Texas 75201<br><br>By /s/ Brian Sirower (*w/ permission*)<br>    Brian Sirower<br><br>*Attorneys for Capital One* |