Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
3800 Ross Tower
500 North Akard
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

COUNSEL FOR SCOTT SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | § | Chapter 7 |
|---|---|---|
| | § | |
| WALNUT HILL PHYSICIANS HOSPITAL, LLC, | § § § | Case No. 17-32255-bjh-7 |
| | § | |
| Debtor. | § | |

**EXPEDITED MOTION FOR RULE 2004
EXAMINATION OF AMERICA TARECTECAN**

TO THE HONORABLE BARBARA J. HOUSER, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, the duly-appointed Chapter 7 trustee (the "Trustee"), for the estate (the "Estate") of Walnut Hill Physicians Hospital, LLC (the "Debtor") in the above styled and numbered bankruptcy case (the "Bankruptcy Case") and files this his *Expedited Motion for Rule 2004 Examination of America Tarectecan*, (the "Motion"), respectfully stating as follows:

### I.     PROCEDURAL BACKGROUND

1.     The Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 6, 2017 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating its bankruptcy estate (the "Estate").

2.     The Trustee is the duly appointed Chapter 7 trustee of the Estate.

3. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Said jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

4. Prior to the Petition Date, the Debtor owned and operated a short term acute care hospital located at 7502 Greenville Avenue, Dallas, Texas (the "Hospital"). The Debtor, after prolonged financial distress, ceased operations immediately prior to the Petition Date.

5. This Motion addresses the need for the Trustee to continue his investigation and understanding of the functioning of the Debtor's accounting system and the Debtor's financial condition leading up to the bankruptcy filing. For example, the Debtor's operations necessitated a complicated accounting system, with an accounting department consisting of multiple full-time employees to deal with vendors, receivables, payroll, vendor contracts, and other accounting issues. The Trustee seeks information on the structure of the accounting department, the various responsibilities of the CFO, and the day-to-day operations of the financial side of the Debtor.

6. Further, the Debtor banked with Capital One, N.A., with whom it had multiple bank accounts, including an account for governmental accounts receivables, non-governmental accounts receivables, a "concentration account," an accounts payable account, and a payroll account. Transactions through these accounts reached in excess of seven figures on a daily basis. There were additionally large transfers to the Debtor's management company, landlord, and various lessors. The Trustee seeks information regarding the various transactions entered into by the Debtor on a day-to-day basis.

7. Finally, the Trustee seeks additional basic financial information due to the multiple errors and omissions from the schedules and the Statement of Financial Affairs filed by the Debtor in this case.

8. This Motion is part and parcel of the Trustee's ongoing investigation into the circumstances leading to the demise of the Debtor, and is important for multiple reasons, including the Trustee's current prosecution of multiple preferences actions pursuant to 11 U.S.C. § 547, the Trustee's defense of multiple applications for administrative expense filed under 11 U.S.C. § 503(b)(9), and the Trustee's investigation into the actions of the fiduciaries of the Debtor leading up to the bankruptcy filing.

9. America Tarectecan was the person who last held the position of chief financial officer with the Debtor. The Trustee seeks the 2004 examination of Ms. Tarectecan on all issues related to the Debtor's financial system, including how it was organized and run, and regarding the financial condition of the Debtor, including prepetition transfers.

### III. RELIEF REQUESTED

10. By this Motion, the Trustee respectfully requests that the Court enter an order, submitted herewith, commanding the examination of America Tarectecan (the "Examination") through a deposition via video and stenographic means of Ms. Tarectecan regarding all aspects of the Debtor. The requested deposition would occur at a mutually agreeable time, and prior to May 15, 2018 in any event. Ms. Tarectecan would be entitled to have legal counsel present and would preserve all of her privileges, although whatever privilege belonged to the Debtor now belongs to the Trustee. On account of these privilege issues, the Trustee requests that no other person be permitted to be present at the Examination, subject to any such person seeking separate relief to be present or separate relief to obtain a copy of any transcript.

### IV. DISCUSSION

11. Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a) (emphasis added). *See also In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (the "examination is not limited to the debtor

or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor"); *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983); *In re Maidman*, 2 B.R. 18, 18-19 (Bankr. S.D. Fla. 1979).

12. The scope of the Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b). "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

13. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id*. (*quoting Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of a [ ] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

14. Here, good cause exists for ordering the Examination. The Trustee is the person most entitled to information concerning the financial circumstances of the Debtor. As the Debtor's last CFO—at a time when cash was tight, at a time when a sale of the hospital fell through, at a time when alleged 503(b)(9) claims were being incurred, at a time when preferential payments were being made, at a time when the Debtor's officers and directors struggled with what to do—it is obvious that Ms. Tarectecan is precisely the person who will

have highly relevant information needed by the Trustee to administer the Estate. Ms. Tarectecan will not be prejudiced, as she will be entitled to have legal counsel present.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) ordering the Examination; and (iii) granting such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED this 18th day of April, 2018.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR SCOTT SEIDEL, TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he advised America Tarectecan of the filing of this Motion and that same should forward same communication to counsel employed by her, if any, and that, as of the filing hereof, no response was received thereto.

By: /s/ Thomas Berghman
Thomas D. Berghman, Esq.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 18th day of April, 2018, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on America Tarectecan via e-mail at <u>autarectecan@yahoo.com</u>, which email the undersigned certifies has been used to communicate with Ms. Tarectecan previously, including on April 18, 2018, and via US Mail First Class, Postage Prepaid and FedEx overnight on Ms. Tarectecan at the following addresses:

| America Tarectecan | America Tarectecan |
| 8707 Southwestern Blvd Apt 1627 | 2359 Shackleford Trail |
| Dallas, TX 75206-8272 | Grand Prairie, TX 75052-8598 |

                          By: /s/ Thomas Berghman
                                  Thomas D. Berghman, Esq.