## MUTUAL SETTLEMENT AND RELEASE AGREEMENT

This *Mutual Settlement and Release Agreement* (the "Agreement") is entered into by and between **Scott M. Seidel, Trustee** (the "Trustee"), the duly-appointed Chapter 7 trustee for the estate (the "Estate") of Walnut Hill Physicians' Hospital, LLC (the "Debtor") in bankruptcy case 17-32255 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of Texas – Dallas Division (the "Bankruptcy Court"), on the one hand, and **St. Jude Medical S.C., Inc. aka St. Jude Medical Division Abbott Laboratories Inc.** ("St. Jude", and together with the Trustee, each a "Party" and collectively the "Parties"), on the other hand, as follows:

WHEREAS, on June 6, 2017 (the "Petition Date"), the Debtor filed its voluntary petition pursuant to Chapter 7 of Title 11 United States Code, initiating the Bankruptcy Case in the Bankruptcy Court;

WHEREAS, St. Jude sold certain goods to the Debtor and received payments from the Debtor prior to the Petition Date;

WHEREAS, the Trustee has been duly-appointed to act for and on behalf of the Estate and is the sole representative of the Estate pursuant to 11 U.S.C. § 323;

WHEREAS, the Estate, through its representative the Trustee, owns all causes of action belonging to the Debtor and all causes of action, including avoidance and recovery causes of action, pursuant to Chapter 5 of the Bankruptcy Code;

WHEREAS, the Trustee has alleged that St. Jude received the following transfers from the Debtor prior to the Petition Date that may be recoverable from St. Jude pursuant to Chapter 5 of the Bankruptcy Code (the "Payments"):

| Check No. | Check Date | Amount |
|---|---|---|
| 8341 | 3/15/2017 | $76,475.24 |
| 8438 | 3/24/2017 | $51,098.72 |
| 8454 | 3/30/2017 | $68,357.70 |
| 8489 | 4/14/2017 | $30,706.74 |
| 8523 | 4/20/2017 | $39,928.48 |
| 8583 | 5/5/2017 | $40,042.48 |
| 8646 | 5/17/2017 | $53,462.62 |
| 8663 | 5/19/2017 | $100,220.18 |
| | Total: | $460,292.16 |

WHEREAS, St. Jude disputes that the Payments received from the Debtor may be recoverable pursuant to Chapter 5 of the Bankruptcy Code;

WHEREAS, on March 14, 2018, the Trustee filed a complaint against St. Jude in the Bankruptcy Court, thereby initiating Adversary No. 18-03033 (the "Adversary Proceeding"), seeking to avoid and recover the Payments;

WHEREAS the Parties desire to settle any and all disputes regarding the Payments and any and all other potential claims and causes of action as between the Parties, without the admission of any fact or any liability, and solely to obtain peace and to avoid the burdens, expenses, and delays of litigation, save only for St. Jude's ability to file a proof of claim in the Bankruptcy Case, the Parties accordingly agree to mutually settle and release any claims between them as stated in this Agreement;

WHEREAS, approval from the Bankruptcy Court is necessary to the effectiveness of this Agreement;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties represent, covenant, and agree as follows:

1. <u>Consideration</u>. No later than ten (10) business days after the order from the Bankruptcy Court approving this Agreement becomes a final order, St. Jude shall pay the Trustee the sum of $175,000.00 (the "<u>Settlement Amount</u>") in good and sufficient funds. Checks shall be made payable to "Scott M. Seidel, Trustee" and shall be mailed to the below address:

    Scott M. Seidel, Trustee
    Seidel Law Firm
    6505 W. Park Blvd., Suite 306
    Plano, Texas 75093

2. <u>Releases</u>.

    a. The Trustee, on behalf of the Estate, irrevocably and unconditionally releases and forever discharges St. Jude, its parent companies, subsidiaries, sister entities, affiliates, agents, vendors, customers, clients, insurers, and their respective directors, officers, employees and shareholders, from any and all actions, causes of action, claims, suits, demands, or obligations whatsoever that the Debtor or the Estate may have against St. Jude, including without limitation any and all such claims related to the Payments or the Adversary Proceeding, including but not limited to liability pursuant to 11 U.S.C. § 547, and any other claims under Chapter 5 of the Bankruptcy Code. For purposes of this paragraph, and for the avoidance of doubt, St. Jude and the Trustee acknowledge that St. Jude is an affiliate of Abbott Laboratories Inc. St. Jude and the Trustee further acknowledge, however, that the Trustee is not releasing in this Agreement any other entity identified in Exhibit 3 to the Debtor's Statement of Financial Affairs from liability (other than St. Jude) based on the transfers listed therein.

    b. St. Jude irrevocably and unconditionally releases and forever discharges the Estate, the Trustee, his counsel, the Debtor and its parent, subsidiaries, sister entities, affiliates, agents, vendors, customers, clients, insurers, and their respective directors, officers, employees and shareholders, from any and all actions, causes of action, claims, suits, demands, or obligations whatsoever that

St. Jude may have against the Debtor or the Estate, including all such claims related to the Payments, except that: (i) St. Jude shall be permitted to file a general unsecured proof of claim based on the Settlement Amount in the Bankruptcy Case within sixty (60) days following the payment of the Settlement Amount, which claim shall not be subject to objection by the Trustee except to the extent it is inconsistent with this Agreement; (ii) this Agreement does not affect the validity of St. Jude's general unsecured Proof of Claim No. 190 in the Bankruptcy Case (as modified by that certain *Agreed Order Granting Motion for Leave to File First-Amended Answer and Withdraw Requested Relief* [Adv. Dkt. 34]; "Claim 190"), but the release in paragraph 2(a) above does not impair the Trustee's ability to object to Claim 190, except for any objections based upon 11 U.S.C. § 502(d), which are released by the Trustee; and (iii) St. Jude retains and preserves any claim or right that St. Jude may have against any guarantor, indemnitor, or co-obligor for the payment of any claim that St. Jude has against the Debtor or the Estate.

c. Notwithstanding any other provision of this Agreement, the Parties agree that the releases given herein shall not constitute a release by any of the Parties hereto of any claim to enforce, or for breach of, the terms and provisions of this Agreement.

3. Dismissal of Adversary Proceeding. As soon as practicable after the Bankruptcy Court enters a final order approving this Agreement under FED. R. BANKR. P. 9019, the Parties will cooperate to cause the Adversary Proceeding to be dismissed with prejudice, without costs to any party. The order approving this Agreement shall also provide that all motions heard by the Bankruptcy Court in the Adversary Proceeding on October 24, 2018, are denied as moot.

4. Right, Title, and Interest. Each of the Parties represents and warrants that it is the sole legal owner of all right, title, and interest in and to every claim, right or other matter released in this Agreement and that the claims, rights and other matters released in this Agreement have not been assigned, transferred or sold.

5. No Admission. This Agreement shall not be construed as an admission of liability or wrongdoing on the part of any Party, it being the desire of the Parties to compromise and settle controversies and avoid the attendant expense and inconvenience of litigation.

6. Further Assurances. The Parties agree to take whatever further action is needed that is necessary, proper, or convenient to carry out the purposes and intent of this Agreement.

7. Fees and Costs. Each of the Parties shall bear its own attorneys' fees and other costs and expenses incurred in connection with the Bankruptcy Case, the Adversary Proceeding, and this Agreement.

8. Bankruptcy Court Approval. The Trustee shall file a motion with the Bankruptcy Court for the approval of this Agreement pursuant to Bankruptcy Rule 9019. This Agreement is contingent on Bankruptcy Court approval.

9. Retaining Jurisdiction. The Bankruptcy Court shall retain jurisdiction, to the greatest extent permitted by law, over any and all disputes regarding this Agreement, its interpretation and its enforcement.

10. Entire Agreement: Amendment. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understanding with respect to the subject matter hereof are canceled and superseded by this Agreement. This Agreement shall not be modified, altered, amended or vacated without written consent of all Parties hereto or order of the Bankruptcy Court.

11. Counterparts. This Agreement may be executed in counterparts, in which case this Agreement shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single instrument. Signatures transmitted by facsimile, .pdf file, or other electronic means shall be deemed to be originals.

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed as of the last date written below.

| SCOTT M. SEIDEL, TRUSTEE (in capacity as trustee only but for and on behalf of the Debtor and the Estate): | ST. JUDE MEDICAL S.C., INC. aka ST. JUDE MEDICAL DIVISION ABBOTT LABORATORIES INC. |
|---|---|
| _____ Scott M. Seidel, Trustee | By: _Gregory A. Haut_ |
| Dated: _____ | Its: _Accounts Receivable Mgr._ |
| | Dated: _11-8-2018_ |